IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| PLEASZ R. DANIELS, # 15855-040 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | Case No. 12-cv-886-JPG |
| | ) | |
| U.S.P. MARION, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM AND ORDER

GILBERT, District Judge:

Plaintiff Daniels, a federal prisoner incarcerated in Marion Penitentiary, in the Southern District of Illinois, brings this *pro se* action pursuant to 28 U.S.C § 1331 and 28 U.S.C. §§ 1356, 2671-2680, against United States Penitentiary Marion ("Marion"). Plaintiff states that the Bureau of Prisons is discriminating against him by not providing him with a handicap accessible cell. Plaintiff states that the American with Disabilities Act ("ADA") applies to him and that he has been wrongfully placed in a segregated housing unit ("SHU"). He requests that he be placed in a handicap designated cell for the remainder of his incarceration (estimated by Plaintiff to be sixty days), before transfer to a halfway house.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has failed to articulate a colorable federal cause of action against Defendant for any constitutional violation. Plaintiff complains of the conditions of his confinement and claims he is lawfully entitled to different accommodations. However, Plaintiff does not identify any handicap, or what, if any

1

disability, would entitle to him to relief under the ADA. An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 590 U.S. 544, 570 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. Plaintiff's assertion that he is entitled to relief is conclusory in nature and is not sufficient grounds for the Court to allow this matter to proceed. Defendant's claims shall be dismissed without prejudice.

**Pending Motions**

Plaintiff's pending motions in this matter shall be **DENIED as MOOT** (Doc. 3, 7 and 9).

**Disposition**

The entire action and **Defendant MARION** are **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

Plaintiff is advised that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Court finds that Plaintiff is indigent and unable to pay the full filing fee in advance; therefore, Plaintiff's motion to proceed *in forma pauperis* ("IFP") (Doc. 2) is **GRANTED**.

Pursuant to 28 U.S.C. § 1915(b), **IT IS HEREBY ORDERED** that Plaintiff shall pay the **$350.00 filing fee** applicable to this civil action as follows:

1. Plaintiff shall pay an initial partial filing fee of **$ 13.70**. *See* 28 U.S.C. § 1915(b)(1). The agency having custody of Plaintiff is **DIRECTED** to transmit this amount from Plaintiff's prison trust fund account to the Clerk of Court upon receipt of this Memorandum and Order.

2. Plaintiff shall make monthly payments of 20% of the preceding month's income credited to Plaintiff's prison trust fund account until the filing fee is paid in full.

3. The agency having custody of Plaintiff shall forward payments from Plaintiff's account to the Clerk of this Court each time the amount in the account exceeds $10 until the filing fee is paid. Payments shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois, P.O. Box 249, East St. Louis, Illinois 62202.

To enable the Bureau of Prisons to remit these payments to the Clerk of Court as required by 28 U.S.C. § 1915, **IT IS FURTHER ORDERED** that Plaintiff shall complete, sign and return one "Consent Form -- *In Forma Pauperis* Proceedings" to the Clerk of this Court in the envelope provided, within **FIFTEEN (15) DAYS** of the date of entry of this order. The Clerk is **DIRECTED** to provide two copies of the appropriate form to Plaintiff with his copy of this Order, along with a pre-addressed return envelope. The Clerk of Court is **DIRECTED** to mail a copy of this Memorandum and Order to Plaintiff. Upon receipt of Plaintiff's signed consent form, the Clerk shall mail a copy of this Memorandum and Order to the Warden at Marion United States Penitentiary with an executed copy of the consent form.

    **IT IS SO ORDERED.**

    DATED:  September 12, 2012

                                  *J. Phil Gilbert*
                              **UNITED STATES DISTRICT JUDGE**